UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARRETT GOODBEE                                          CIVIL ACTION

VERSUS                                                   NO. 06-7583

JOHN M. PARR, ET AL.                                     SECTION B(2)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand.  (Rec. Doc. No. 6).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

On August 29, 2005, Plaintiff Garrett Goodbee sustained wind and flood damage to his property.  Plaintiff's State Farm Fire And Casualty Company's ("State Farm") Builder's Risk Policy was effective on August 29, 2005.  However, Plaintiff did not have flood insurance on August 29, 2005.  Plaintiff allegedly requested flood insurance in July of 2005 and did not discover the lack of flood insurance until September of 2005.

On August 24, 2006, Plaintiff filed suit against John M. Parr, Plaintiff's insurance agent, and State Farm Fire And Casualty Company ("State Farm")in the Civil District Court for the Parish of Orleans.  Plaintiff asserted claims of negligence alleging John M. Parr failed to procure requested flood insurance and State Farm failed to pay damages due to Plaintiff under the insurance policy,

1

*inter alia*.  Defendants removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  Defendants argue that the non-diverse insurance agent, John M. Parr, was improperly joined as a defendant.  Defendants further contend that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMTJA) pursuant to 28 U.S.C. § 1369. Alternatively, Defendants contend supplemental jurisdiction exists pursuant to 28 U.S.C. § 1441(e)(1)(B) and/or 28 U.S.C. § 1367.

Plaintiff contends John M. Parr was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Further, Plaintiff contends 28 U.S.C. § 1369, 28 U.S.C. § 1441, and 28 U.S.C. § 1367 are not applicable. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

***DISCUSSION***

**A.   Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the

parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002).

Plaintiff claims John M. Parr breached his fiduciary duty as an insurance agent when he failed to procure the requested flood insurance coverage.

Contrary to Plaintiff's assertions, Defendants claim Plaintiff never requested flood insurance coverage. Moreover Defendants claim Plaintiff's Homeowner's Builders Risk Policy was mailed to Plaintiff on October 25, 2004. Therefore, Defendants contend that Plaintiffs' claims against John M. Parr are perempted under Louisiana Revised Statute 9:5606.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Plaintiff's claims are within the three year peremptive period. However, the determinative issue before the court is whether Plaintiff should have discovered the alleged acts or

omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Similarly, Plaintiff alleges John M. Parr failed to procure adequate flood insurance. Without further factual development regarding: (1) whether or not Plaintiff requested flood insurance; (2) whether or not John M. Parr undertook the responsibility of procuring flood insurance; and (3) whether Plaintiff's reliance on John M. Parr was well founded, the Court cannot conclude that Plaintiff has no possibility of recovery against the in-state

5

defendant.  Therefore, the Court finds John M. Parr was not improperly joined and diversity of citizenship is destroyed.

**B.    Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Defendants contend jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B)considering: (1) Plaintiffs claims arose from Hurricane Katrina and (2)State Farm was a defendant in multiple Katrina-related matters when the Notice of Removal was filed.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina and/or multiple levee breaches for failure to satisfy the "single accident" requirement.[1]  Therefore,

---

[1] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La.

28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist.

Accordingly,

> **IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

> New Orleans, Louisiana this 15th day of December, 2006.

>                          _____
>                          UNITED STATES DISTRICT JUDGE

---

September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).